# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rebecca Boody,

        Plaintiff,

v.

Lincoln National Life Insurance Company,

        Defendant.

Court File No. 14-CV-4324 SRN/LIB

**ANSWER**

Defendant Lincoln National Life Insurance Company ("Lincoln"), for its Answer to Plaintiff's Complaint, states and alleges as follows: except as hereinafter admitted, qualified or otherwise answered, Lincoln denies each and every matter, thing and allegation in Plaintiff's Complaint.

1. Lincoln is without information sufficient to form a belief as to the allegations in paragraph 1 of Plaintiff's Complaint.

2. Lincoln admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Lincoln denies the allegations in paragraph 3 of Plaintiff's Complaint.

4. With respect to paragraph 4 of Plaintiff's Complaint, Lincoln denies that it sponsored the Plan for the benefit of certain employees of St. Cloud Hospital, a medical facility located at 1406 North 6th Avenue, in the City of St. Cloud, County of Stearns, State of Minnesota. The remaining allegations in paragraph 4 of Plaintiff's Complaint contain her

conclusions of law to which no response is required. To the extent the remaining allegations in paragraph 4 of Plaintiff's Complaint contain allegations of fact, they are admitted.

5. With respect to paragraph 5 of Plaintiff's Complaint, Lincoln admits that it is an Indiana corporation authorized to transact business in the State of Minnesota, and that it is authorized, pursuant to the policy number 1008257000000 (the "Policy"), to make benefit determinations under the Policy. Lincoln denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint contains Plaintiff's conclusions of law concerning subject matter jurisdiction to which no response is required. To the extent paragraph 6 of Plaintiff's Complaint contains allegations of fact, they are admitted.

7. Paragraph 7 of Plaintiff's Complaint contains Plaintiff's allegations concerning subject matter jurisdiction to which no response is required. To the extent paragraph 7 of Plaintiff's Complaint contains allegations of fact, they are admitted.

8. Paragraph 8 of Plaintiff's Complaint contains Plaintiff's allegations concerning venue to which no response is required. To the extent paragraph 6 contains allegations of fact, Lincoln admits that venue is proper in this district. Lincoln denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9. Lincoln is without information sufficient to form a belief as to the allegations in paragraph 9 of Plaintiff's Complaint.

10. Lincoln denies the allegations in paragraph 10 of Plaintiff's Complaint. Lincoln affirmatively alleges that Plaintiff's condition, diagnosis, treatment, and medically

imposed restrictions and limitations are contained in the medical records of her treating and consulting physicians, which speak for themselves.

11.     With respect to paragraph 11 of Plaintiff's Complaint, Lincoln admits that Plaintiff applied for benefits on or about November 23, 2011 and provided documents in connection with her claim for benefits. Lincoln denies the remaining allegations in paragraph 11 of Plaintiff's Complaint. Lincoln affirmatively alleges that Plaintiff's application for benefits speaks for itself.

12.     With respect to paragraph 12 of Plaintiff's Complaint, Lincoln is without information sufficient to form a belief as to whether all information requested by it was provided by Plaintiff, her physicians or the St. Cloud Hospital. Lincoln admits the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13.     With respect to paragraph 13 of Plaintiff's Complaint, Lincoln admits that by its correspondence dated July 8, 2013, it discontinued payment of long term disability benefits to Plaintiff and that a true and correct copy of its letter to Plaintiff is attached to the Complaint as Exhibit 2. Lincoln denies the remaining allegations in paragraph 13 of Plaintiff's Complaint. Lincoln affirmatively alleges that its July 8, 2013 correspondence to Plaintiff speaks for itself.

14.     With respect to paragraph 14 of Plaintiff's Complaint, Lincoln admits that on or about August 27, 2013, Plaintiff submitted to Lincoln a request for review of its discontinuation of benefits and that Plaintiff submitted medical records and reports from her

physicians.  Lincoln is without information sufficient to form a belief as to the remaining allegations in paragraph 14 of Plaintiff's Complaint.

15.    With respect to paragraph 15 of Plaintiff's Complaint, Lincoln admits that on or about October 3, 2013, Plaintiff submitted medical records and information to Lincoln in conjunction with its review of its decision to discontinue payment of long term disability benefits to her.  Lincoln is without information sufficient to form a belief as to whether a true and correct copy of the October 3, 2013 letter and exhibits are filed confidentially under seal as Exhibit 4 to the Complaint.  Lincoln denies the remaining allegations in paragraph 15 of Plaintiff's Complaint.

16.    With respect to paragraph1 6 of Plaintiff's Complaint, Lincoln admits that a true and correct copy of its letter affirming its decision to discontinue benefits is attached to the Complaint as Exhibit 5.  Lincoln denies the remaining allegations in paragraph 16 of Plaintiff's Complaint. Lincoln affirmatively alleges that the basis for its benefits decision is set forth in its November 1, 2013 correspondence to Plaintiff which speaks for itself.

17.    Lincoln admits that on or about March 3, 2014, Plaintiff filed a second appeal of its decision to discontinue long term disability benefit payments to Plaintiff and that Plaintiff provided medical records and reports to Lincoln in conjunction with her second appeal.  Lincoln is without information sufficient to form a belief as to whether a true and correct copy of Plaintiff's March 3, 2014 letter and exhibits were filed confidentially and under seal as Exhibit 6 to the Complaint.  Lincoln denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18.     With respect to paragraph 18 of Plaintiff's Complaint, Lincoln admits that on or about June 30, 2014, it affirmed its decision to discontinue payment of Plaintiff's long term disability benefits under the Policy and that a true and correct copy of its June 30, 2014 letter and exhibits are attached as Exhibit 7 to the Complaint. Lincoln denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     Lincoln denies the allegations in paragraph 19 of Plaintiff's Complaint.

20.     With respect to paragraph 20 of Plaintiff's Complaint, Lincoln realleges and incorporates by reference its responses to paragraphs 1 through 19 of its answer as if fully set forth herein.

21.     Lincoln denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Lincoln denies the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Lincoln denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Lincoln denies the allegations in paragraph 23 of Plaintiff's Complaint.

25.     Lincoln denies the allegations in paragraph 23 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's causes of action against Defendant, if any, arise out of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 et seq. To the extent Plaintiff seeks remedies or makes claims not provided for under ERISA, those remedies and claims are preempted by ERISA.

2.      Plaintiff has failed to satisfy all conditions precedent to entitlement to additional benefits under the Policy.

3.      Lincoln's decision to deny Plaintiff's claim for long term disability benefits was correct and was supported by substantial evidence.

4.      Plaintiff's claims are barred because Lincoln's actions were not arbitrary, capricious or unreasonable.

5.      Lincoln discharged its duties in the interest of plan participants and, in doing so, acted in accordance with the documents and the instruments governing the plan, the Policy, and any obligations that Lincoln may have under ERISA and the regulations promulgated thereunder.

WHEREFORE, The Lincoln National Life Insurance Company seeks the following relief:

1.      Dismissal of Plaintiff's Complaint with prejudice.

2.      For its costs, disbursements and reasonable attorneys' fees incurred herein.

3.      For such other relief as the Court deems just and equitable.

Dated:  November 19, 2014              s/Terrance J. Wagener
                                                     Terrance J. Wagener
                                                     Molly R. Hamilton
                                                     **MESSERLI & KRAMER P.A.**
                                                     100 South Fifth Street
                                                   1400 Fifth Street Towers
                                                   Minneapolis, MN  55402-4218
                                                   Telephone: (612) 672-3600

                                                   **ATTORNEYS FOR DEFENDANT**

1172634.1